The Honorable Lauren King

FILED ___ ENTERED
LODGED ___ RECEIVED

DEC 06 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR22-179 LK & CR22-180 LK |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| MIGUEL THOMAS, | |
| Defendant. | |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorney Casey S. Conzatti of the Western District of Washington and Miguel Thomas and Mr. Thomas' attorney Abigail W.S. Cromwell enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.  **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the indictments.

Plea Agreement - 1
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      a.     Conspiracy to Distribute Controlled Substances, a lesser included offense as charged in Count 1 under indictment CR22-180LK, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846.

      b.     Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 3 under indictment CR22-179LK, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.     **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

      a.     The elements of Conspiracy to Distribute Controlled Substances, a lesser included offense as charged in Count 1 of indictment CR22-180LK, are as follows:

          i.     Beginning at a time unknown, but within the past five years, and continuing until on or about October 19, 2022, there was an agreement between two or more persons to distribute controlled substances, including methamphetamine, fentanyl and heroin; and

          ii.    The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

      b.     The elements of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 3 under indictment CR22-179LK, are as follows:

Plea Agreement - 2
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

i. The defendant committed the crime of Conspiracy to Distribute Controlled Substances, a lesser included offense of Count 1; and

ii. The defendant knowingly carried a firearm during and in relation to that crime.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of Conspiracy to Distribute Controlled Substances, a lesser included offense as charged in Count 1 under indictment CR22-180LK: A maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of at least three years, and a mandatory special assessment of one-hundred dollars.

b. For the offense of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 3 under indictment CR22-179LK: A maximum term of imprisonment of up to life and a mandatory minimum term of imprisonment of five years, which must run consecutive to any other sentence imposed, a fine of up to $ 250,000, a period of supervision following release from prison of up to five years, and a mandatory special assessment of one-hundred dollars.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 3
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant understands that as a part of any sentence, in addition to any term of
2  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
3  restitution to any victim of the offense, as required by law.

4  Defendant further understands that the consequences of pleading guilty may
5  include the forfeiture of certain property, either as a part of the sentence imposed by the
6  Court, or as a result of civil judicial or administrative process.

7  Defendant agrees that any monetary penalty the Court imposes, including the
8  special assessment, fine, costs, or restitution, is due and payable immediately and further
9  agrees to submit a completed Financial Disclosure Statement as requested by the United
10  States Attorney's Office.

11  Defendant understands that, if pleading guilty to a felony drug offense, Defendant
12  will become ineligible for certain food stamp and Social Security benefits as directed by
13  Title 21, United States Code, Section 862a.

14  4.  **Immigration Consequences**.  Defendant recognizes that pleading guilty
15  may have consequences with respect to Defendant's immigration status if Defendant is
16  not a citizen of the United States. Under federal law, a broad range of crimes are grounds
17  for removal, and some offenses make removal from the United States presumptively
18  mandatory. Removal and other immigration consequences are the subject of a separate
19  proceeding, and Defendant understands that no one, including Defendant's attorney and
20  the Court, can predict with certainty the effect of a guilty plea on immigration status.
21  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
22  immigration consequences that Defendant's guilty pleas may entail, even if the
23  consequence is Defendant's mandatory removal from the United States.

24  5.  **Rights Waived by Pleading Guilty.** Defendant understands that by pleading
25  guilty, Defendant knowingly and voluntarily waives the following rights:

26  a.  The right to plead not guilty and to persist in a plea of not guilty;
27

Plea Agreement - 4
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

  6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to

Plea Agreement - 5
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

    a.    Beginning at a time unknown, and continuing until at least October 25, 2022, the defendant, Miguel Thomas, conspired with others, known and unknown to distribute controlled substances, including fentanyl, heroin, cocaine, and methamphetamine, within the Western District of Washington.

    b.    On May 19, 2022, at approximately 10:30 p.m. officers observed Mr. Thomas outside an apartment complex located at 1214 SE 124th Street, Burien, WA. Officers observed that Mr. Thomas was carrying a backpack. When officers approached Mr. Thomas, he began to run, dropping the backpack as well as a loaded 9 mm Beretta handgun (which is further described in paragraph 12(c), below). Officers eventually caught Mr. Thomas after he fled. Inside the backpack

Plea Agreement - 6
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that officers observed Mr. Thomas drop they recovered approximately 3,447 grams of methamphetamine, 1,189 grams of heroin, 483 grams of cocaine, and 477 grams of fentanyl-laced pills.

c. The controlled substances located inside Mr. Thomas' backpack were possessed by him for the purpose of distribution. Mr. Thomas knowingly conspired and agreed with his co-conspirators to distribute these controlled substances to others for profit. Additionally, the firearm possessed by Mr. Thomas was possessed for the purpose of defending himself while engaged in the trafficking of controlled substances and in furtherance of the conspiracy to distribute controlled substances.

d. On October 25, 2022, the Federal Bureau of Investigation ("FBI") executed a search warrant at two locations associated with Mr. Thomas: 6536 21st Avenue SW, Seattle, WA 98106 and 14420 34th Avenue South, Apartment 2, Tukwila, WA.

e. At 6536 21st Avenue SW, Seattle, WA, agents recovered approximately 189 grams of methamphetamine, 122 grams of fentanyl-laced pills, 44 grams of cocaine and fifteen firearms (which are further described in paragraph 12(a), below), magazines, and ammunition. The firearms were located inside a room in the home where Mr. Thomas lived with multiple people. Mr. Thomas denied that he owned the firearms but admits he had access to the firearms.

f. At 14420 34th Avenue South, Apartment 2, Tukwila, WA, agents recovered approximately 3,700 grams of methamphetamine, 40 grams of heroin, and 50 grams of fentanyl-laced pills. Investigators also seized a Ruger SP101 .22 caliber revolver (which is further described in paragraph 12(b), below) as well as $1,539 in cash proceeds of Mr. Thomas' drug trafficking.

g. The controlled substances located inside the two residences were possessed by Mr. Thomas for the purpose of distribution. Mr. Thomas knowingly

Plea Agreement - 7
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conspired and agreed with his co-conspirators to distribute these controlled substances to others for profit. The firearms facilitated Mr. Thomas' drug trafficking, in that he had them available to protect his drugs and proceeds.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of 34 as the relevant conduct involved at least 10,000 kilograms but less than 30,000 kilograms of converted drug weight, pursuant to USSG § 2D1.1(c)(4).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 8
*United States v. Miguel Thomas*, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of 96 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture of Assets**. Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or that facilitated, his commission of the offense of Conspiracy to Distribute Controlled Substances, the lesser included offense as charged in Count 1 under indictment CR22-180LK. All such property is forfeitable pursuant to Title 21, United States Code, Section 853(a), and includes, but is not limited to, the following property:

    a. The following firearms, associated ammunition, magazines, and accessories, seized on or about October 25, 2022, from Defendant Miguel Thomas' residence located at 6536 21st Avenue SW, Seattle, Washington:

        1. One USA Military Surplus Model 1903, 30-06 caliber rifle, bearing serial number 450573;

        2. One Thompson/Center Arms Co. .58 caliber rifle, bearing serial number L724;

        3. One National Ordnance, Model 1903A3, 30-06 caliber rifle, bearing serial number 5006999;

Plea Agreement - 9
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. One Remington Arms Company Inc, Model II, unknown caliber, bearing serial number 249130;

5. One Manufacture France, Model M1936, 75 caliber rifle with strap, bearing an unknown serial number;

6. One Enfield, Model NO4MKI, unknown caliber rifle, bearing serial number 83L9225;

7. One USA Military Surplus, Model 1903, 30-06 caliber rifle, bearing serial number 1483164;

8. One Marlin Firearms Co. Model 882, 22 caliber rifle with scope, bearing serial number 98702271;

9. One unknown make, model, and caliber rifle, bearing an unknown serial number;

10. One Winchester, Model 290, 22 caliber rifle, bearing serial number B882285;

11. One Mauser, Model 1895, 257 caliber rifle, bearing serial number E8095;

12. One Harrington & Richardson Model 251, 20-gauge shotgun, bearing serial number 29-050999;

13. One Enfield, Model NO4MKI, 303 caliber rifle with strap, bearing serial number OC47730;

14. One Springfield Armory (HS Produkt) Model XD9 Compact, 9 caliber pistol, bearing serial number GM820304, with loaded magazine;

15. One Palmetto State Armory, Model M1911, 45 caliber pistol, bearing serial number PSB000906 on the lower piece, with a Rock Island Armory slide attached, and associated magazine;

16. Five rounds of 9mm ammunition; and

Plea Agreement - 10
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|   |   |   |
|---|---|---|
| 1 |   | 17. One loaded magazine with .380 caliber ammunition; and |
| 2 | b. | The following property seized on or about October 25, 2022, from a residence used by Defendant Miguel Thomas, located at 14420 34th Avenue S, Apt. 2, Tukwila, Washington; |
| 5 |   | 1. $1,539 in U.S. currency; and |
| 6 |   | 2. One Ruger SP101 .22 caliber Revolver, bearing serial number 577-04336, with associated ammunition and magazines. |
| 8 | c. | One Beretta APX 9mm pistol, serial number 153080X, with associated ammunition, that Defendant possessed on May 19, 2022. |

Defendant further agrees to forfeit to the United States immediately his right, title, and interest in any and all firearms and ammunition that were involved in his commission of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 3 under indictment CR22-179LK. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, the Beretta APX 9mm pistol, serial number 153080X, with associated ammunition that Defendant possessed on May 19, 2022.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant also agrees not to file any further claims to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been

Plea Agreement - 11
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, in which the Defendant has any interest or control, if said assets facilitated and/or constitute proceeds of his commission of Conspiracy to Distribute Controlled Substances with Intent to Distribute (lesser included offense in Count 1, in indictment in CR22-179LK) or if the assets are firearms and ammunition involved in his commission of Carrying a Firearm During and in Relation to a Drug Trafficking Crime (Count 3, in indictment in CR22-180LK).

13. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, firearms, ammunition, or magazines that were in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in both Indictments at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

Plea Agreement - 12
*United States v. Miguel Thomas*, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a

Plea Agreement - 13
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   custodial sentence that is within or below the Sentencing Guidelines range (or the
2   statutory mandatory minimum, if greater than the Guidelines range) as determined by the
3   Court at the time of sentencing, Defendant waives to the full extent of the law:

4       a.    Any right conferred by Title 18, United States Code, Section 3742,
5   to challenge, on direct appeal, the sentence imposed by the Court, including any fine,
6   restitution order, probation or supervised release conditions, or forfeiture order (if
7   applicable); and

8       b.    Any right to bring a collateral attack against the conviction and
9   sentence, including any restitution order imposed, except as it may relate to the
10  effectiveness of legal representation.

11  This waiver does not preclude Defendant from bringing an appropriate motion
12  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or
13  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

14  If Defendant breaches this Plea Agreement at any time by appealing or collaterally
15  attacking (except as to effectiveness of legal representation) the conviction or sentence in
16  any way, the United States may prosecute Defendant for any counts, including those with
17  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea
18  Agreement.

19      17.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into
20  this Plea Agreement freely and voluntarily, and that no threats or promises were made to
21  induce Defendant to enter a plea of guilty other than the promises contained in this Plea
22  Agreement or set forth on the record at the change of plea hearing in this matter.

23      18.    **Statute of Limitations**. In the event this Plea Agreement is not accepted
24  by the Court for any reason, or Defendant breaches any of the terms of this Plea
25  Agreement, the statute of limitations shall be deemed to have been tolled from the date of
26  the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the
27  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

Plea Agreement - 14
*United States v. Miguel Thomas*, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of December, 2023.

MIGUEL THOMAS
Defendant

ABIGAIL W.S. CROMWELL
Attorney for Defendant

VINCENT T. LOMBARDI
Assistant United States Attorney

CASEY S. CONZATTI
Assistant United States Attorney

Plea Agreement - 15
United States v. Miguel Thomas, CR22-179LK & CR22-180LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970